IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAFAEL K. CHIEKE, | : | No. |
|     Plaintiff, | : | |
| | : | Complaint filed January 2, 2017 |
| v. | : | |
| | : | |
| COMMONWEALTH OF PENNSYLVANIA: | | |
| DEPARTMENT OF CORRECTIONS, | : | |
| JOHN E. WETZEL, | : | |
| SHIRLEY MOORE SMEAL, | : | |
| CHRISTOPHER OPPMAN, | : | |
| WILLIAM SPRENKLE, | : | |
| KATHRYN MCVEY, | : | |
| MARC GOLDBERG, | : | |
| TY STANTON, | : | |
| TIMOTHY MUSSER, | : | JURY TRIAL DEMANDED |
|     Defendants. | : | (Electronically Filed). |

## COMPLAINT

COMES NOW Plaintiff Raphael K. Chieke by and through his counsel, Timothy A. Bowers, JD and makes the following Complaint:

COUNT I - DISCRIMINATION - 42 U.S.C.A. 2000e *et seq.*, PA HUMAN RELATIONS ACT

1. Plaintiff Raphael K. Chieke ("Cheiki") is an adult individual residing at 4146 Beaufort Hunt Drive, Harrisburg, Dauphin County, Pennsylvania.

2. Defendant Commonwealth of Pennsylvania, Department of Corrrections ("DOC") is a government entity having its primary mailing address at 1920 Technology Parkway, Mechanicsburg, Cumberland County, Pennsylvania.

3. Defendant John E. Wetzel ("Wetzel") is an adult individual employed by DOC as the Secretary of Corrections with a business address of 1920 Technology Parkway,

Mechanicsburg, Cumberland County, Pennsylvania. Wetzel is sued in his individual and official capacity.

4. Defendant Shirley Moore Smeal ("Smeal") is an adult individual employed by DOC as Executive Deputy Secretary with a business address of 1920 Technology Parkway, Mechanicsburg, Cumberland County, Pennsylvania. Smeal is sued in her individual and official capacity.

5. Defendant Christopher Oppman ("Oppman") is an adult individual employed by DOC as Deputy Secretary for Adminsitration with a business address of 1920 Technology Parkway, Mechanicsburg, Cumberland County, Pennsylvania. Oppman is sued in his individual capacity.

6. Defendant William Sprenkle ("Sprenkle") is an adult individual at all relevant times employed by DOC as Deputy Secretary for Adminsitration with a business address of 1920 Technology Parkway, Mechanicsburg, Cumberland County, Pennsylvania. Sprenkle is sued in his individual capacity.

7. Defendant Kathryn McVey ("McVey") is an adult individual at all relevant times employed by DOC as Deputy Secretary for Adminsitration with a business address of 1920 Technology Parkway, Mechanicsburg, Cumberland County, Pennsylvania. McVey is sued in her individual capacity.

8. Defendant Marc Goldberg ("Goldberg") is an adult individual at all relevant times employed by DOC as Deputy Secretary for Adminsitration with a business address of 1920 Technology Parkway, Mechanicsburg, Cumberland County, Pennsylvania. Goldberg is sued in his individual capacity.

9. Defendant Ty Stanton ("Stanton") is an adult individual at all relevant times employed by DOC as Human Resource Manager with a business address of 1920 Technology Parkway, Mechanicsburg, Cumberland County, Pennsylvania. Stanton is sued in his individual capacity.

10. Defendant Timothy Musser ("Musser") is an adult individual at all relevant times employed by DOC as Human Resource Manager with a business address of 1920 Technology Parkway, Mechanicsburg, Cumberland County, Pennsylvania. Musser is sued in his individual capacity.

11. The Court has jurisdiction over the claims asserted herein pursuant 28 U.S.C.A. 1331, 28 U.S.C.A. 1332, and 28 U.S.C.A. 1367

12. At all relevant times herein, Wetzel, Smeal and Oppman were employed by and acting under color of state law.

13. At all relevant times herein, Chieke was employed by the DOC as Director of Equal Employment Opportunity ("EEO Director").

14. At all relevant times herein, Chieke reported to the Deputy Secretary for Administration, the Executive Deputy Secretary and the Secretary.

15. In his capacity as EEO Director, Chieke was responsible for investigating allegations of discriminatory treatment by DOC employees.

16. At all relevant times herein Chieke was classified as a Manager 2.

17. From 2003 through 2016, Chieke applied for or sought promotion to Manager 3 status through Deputy Secretaries for Administration.

18. Chieke is a naturalized citizen of the United States.

19. Chieke is of African-American race and Nigerian nationality by birth.

20. Chieke was, at the time of all applications for reclassification and/or promotion, denied promotion to EEO Manager 3. Further, Chieke was not promoted to Deputy Secretary though Deputy Secretary positions opened and were filled by less qualified candidates who were not members of a protected class.

21. Chieke was, at all relevant times, qualified to perform the duties of Manager 3 and Deputy Secretary for Administration.

22. Defendants have denied all of Chieke's applications for reclassification and/or promotion.

23. Defendants have denied all of Chieke's applications for reclassification and/or promotion based on his race, African-American, and his national origin, Nigerian.

24. In all cases, less qualified candidates who were not African-American or Nigerian were promoted or reclassified instead of Chieke.

25. The conduct of defendants in denying Chieke promotion and/or reclassification based on Chieke's race and national origin violates the provisions of 42 U.S.C.A. § 2000e *et seq.* and the Pennsylvania Human Relations Act.

26. As a direct and proximate result of defendant's acts, Chieke was constructively terminated on April 28, 2016.

27. As a direct and proximate result of defendant's acts, Chieke has suffered lost earnings and benefits, humiliation and emotional distress.

WHEREFORE, Plaintiff Rafael K. Chieke respectfully requests that the Honorable Court enter judgment against Defendants and award to Chieke compensatory damages, punitive

damages, counsel fees, costs and interest together with such equitable relief is necessary to prevent a recurrence of the Defendants' conduct.

### COUNT II - HOSTILE WORK ENVIRONMENT - 42 U.S.C.A. 2000e *et seq.*, PA HUMAN RELATIONS ACT

28.     Paragraphs 1 through 27 of this Complaint are hereby restated and reincorporated by reference as though fully set forth.

29.     Defendants have created a hostile work environment for Chieke by underfunding and understaffing Chieke's department.

30.     Defendants have created the hostile work environment because of Chieke's race and national origin.

31.     As a direct and proximate result of defendant's acts, Chieke was constructively terminated on April 28, 2016.

32.     As a direct and proximate result of defendant's acts, Chieke has suffered lost earnings and benefits, humiliation and emotional distress.

### COUNT III - RETALIATION - 42 U.S.C.A. 2000e *et seq.*, PA HUMAN RELATIONS ACT

33.     Paragraphs 1 through 32 of this Complaint are hereby restated and reincorporated by reference as though fully set forth.

34.     As part of his duties with the DOC, Chieke was responsible for investigation of complaints of discrimination.

35.     Chieke frequently found cause existed to believe that DOC employees had been victims of discrimination by DOC authorities.

36. In retaliation for Chieke's participation in protected investigations of alleged discriminatory content, Defendants failed and refused to promote and/or reclassify Chieke.

37. As a direct and proximate result of defendant's acts, Chieke was constructively terminated on April 28, 2016.

38. As a direct and proximate result of defendant's acts, Chieke has suffered lost earnings and benefits, humiliation and emotional distress.

### COUNT IV - FIRST AMENDMENT RETALIATION - 42 U.S.C.A. 1983

39. Paragraphs 1 through 38 of this Complaint are hereby restated and reincorporated by reference as though fully set forth.

40. At all relevant times, Chieke repeatedly expressed his opinion to Defendants that the DOC engaged in systematic, illegal discrimination with respect to its employees.

41. Chieke spoke on matters of public concern and not as an employee.

42. Chieke's speech was protected by the First Amendment to the Constitution of the United States.

43. In retaliation for Chieke's exercise of protected speech, Defendants failed and refused to promote and/or reclassify Chieke.

44. In retaliation for Chieke's exercise of protected speech, Defendants systematically underfunded and understaffed Chieke's office.

45. As a direct and proximate result of defendant's acts, Chieke was constructively terminated on April 28, 2016.

46. As a direct and proximate result of defendant's acts, Chieke has suffered lost earnings and benefits, humiliation and emotional distress.

WHEREFORE, Plaintiff Raphael K. Chieke respectfully requests that the Honorable Court enter judgment in his favor for compensatory damages in an amount in excess of jurisdictional limits, punitive damages, costs, counsel fees and providing such other relief as the Court may deem just.

DATE:  January 2, 2017

Respectfully submitted,

| BEST LAW OFFICES, LLC | TIM BOWERS LAW OFFICE |
|---|---|
| *(signed)* | *(signed)* |
| Kymberley L. Best, PA94596 | Timothy A. Bowers, PA77980 |
| 20 North Front Street | 20 North Front Street |
| PO Box 88 | PO Box 88 |
| Sunbury, PA 17801 | Sunbury, PA 17801 |
| 570-495-4716 | 570-275-1110 |
| fax 855-495-2818 | fax 866-495-2818 |
| kymberleybest@att.net | timbowers@timbowerslaw.com |
| Counsel for Plaintiff | Counsel for Plaintiff |